UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Alexis Felix-Razo, | Case No. 24-cv-2186 (DSD/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Jared Rardin, Warden, | |
| Respondent. | |

Alexis Felix-Razo, Reg. No. 02874-408, FMC Rochester, PMB 4000, Rochester, MN 55903 (pro se Petitioner); and

Trevor Brown and Ana H. Voss, Assistant United States Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for Respondent).

## I. INTRODUCTION

Petitioner Alexis Felix-Razo commenced this action by filing a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, arguing that the 236 days of jail time he served in Mexico before being extradited to the United States should be applied to his federal sentence. *See* Pet. at 2, 6-8, ECF No. 1; Pet'r's Mem. in Supp., ECF No. 3. This matter has been referred to the undersigned for a report and recommendation to the district court, the Honorable David S. Doty, District Judge for the United States District Court for the District of Minnesota, under 28 U.S.C. § 636 and D. Minn. LR 72.1.

In response to this petition, the Court issued a briefing schedule, *see* Order, ECF No. 9. In its response, Respondent asks this Court to deny Felix-Razo's petition arguing that

1

Felix-Razo is only entitled to 234 days of prior custody credit rather than 236 days of credit and that the Federal Bureau of Prisons ("BOP") has provided him with all prior custody credit he is entitled to. *See* Resp't's Resp. to Pet. at 1-5, ECF No. 10. No reply was filed within the time permitted. *See* Order. This matter is now ripe for determination by this Court.

## II. BACKGROUND

Felix-Razo is incarcerated at the Federal Medical Center in Rochester, Minnesota. *See* Declaration of Steve Snyder ¶ 2, ECF No. 11. Felix-Razo is serving a 46-month term of imprisonment for conspiracy to distribute and possession with intent to distribute controlled substances. Snyder Decl. ¶ 3; Ex. A at 1 to Snyder Decl. Initially, the BOP applied 451 days of prior custody credit from November 18, 2022 to February 11, 2024 to Felix-Razo's sentence which resulted in a projected First Step Act release date of February 12, 2026. Snyder Decl. ¶ 3; Ex. A at 2 to Snyder Decl. Later on, the BOP determined that the prior custody credit for Felix-Razo's detention in Mexico should also be applied to Felix-Razo's federal sentence. Snyder Decl. ¶ 4; Ex. B to Snyder Decl.

According to the BOP, Felix-Razo was detained in Mexico from March 29, 2022 through November 18, 2022, *id.*, not from March 28, 2022 through November 18, 2022 as Felix-Razo represents. The BOP, therefore, credited 234 days to Felix-Razo's sentence (excluding November 18, 2022 since that date had already been applied towards Felix-Razo's federal sentence), resulting in a new projected First Step Act release date of June 3, 2025. Snyder Decl. ¶ 5; Ex. C at 2 to Snyder Decl.

2

## III. ANALYSIS

Felix-Razo argues that the BOP should apply the 236 days of prior custody for the time he served in Mexico from March 28, 2022 through November 18, 2022 while awaiting his extradition to the United States. *See* Pet. at 1-2, 6, 8; Pet'r's Mem. in Supp. Respondent asks this Court to deny Felix-Razo's petition because the BOP has credited all credits towards Felix-Razo's federal sentence. Resp't's Resp. to Pet. at 2.

18 U.S.C. § 3585(b) provides for when a defendant is entitled to prior custody credit for the amount of time spent in detention before the commencement of a sentence. Section 3585(b) specifically provides that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

The Attorney General retains the authority to determine the credit for time in custody prior to the commencement of a sentence. *United States v. Moore*, 978 F.2d 1029, 1031 (8th Cir. 1992) ("[T]he appropriate credit for time spent in official detention is to be determined by the United States Attorney General after the criminal defendant has begun to serve his sentence rather than by a federal district court at the time of sentencing."). A defendant, however, cannot receive double credit for prior custody. *See United States v. Kiefer*, 20 F.3d 874, n.1 (8th Cir. 1994). *See also Elwell v. Fisher*, 716 F.3d 477, 484 (8th Cir. 2013) (any

challenge to "the BOP's denial of federal credit for time . . . already credited . . . [is] inconsistent with the express bar on double credit found in 18 U.S.C. § 3585(b)" as "§ 3585(b) is not a source of discretion for the BOP").

Upon this Court's review of the record and applicable law, Felix-Razo cannot receive prior custody credit for March 28, 2022 because he was not detained in Mexico until the next day. In addition, he is not entitled to receive credit for November 18, 2022 as the BOP has credited prior custody credit for that date. Therefore, the Court recommends denying Felix-Razo's petition because the BOP correctly provided him with 234 days of prior custody credit rather than the 236 days he requested in his petition for the time he spent detained in Mexico.

Lastly, the Court has resolved Felix-Razo's petition by relying on the record before the Court, making an evidentiary hearing not necessary. *See Wallace v. Lockhart*, 701 F.2d 719, 729-30 (8th Cir. 1983) ("[D]ismissal of the habeas petition without a [evidentiary] hearing is proper where petitioner's allegations are frivolous, where the allegations, even if true, fail to state a cognizable constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." (citation omitted)); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("Generally, a habeas petitioner is entitled to an evidentiary hearing in federal court if the petition alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing. However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit." (quotation and citation omitted)).

## IV. RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Felix-Razo's Petition for a Writ of Habeas Corpus 28 U.S.C. § 2241, ECF No. 1, be **DENIED**.

2. The Court kindly requests that the Clerk's Office mail a copy of this Report and Recommendation to Felix-Razo at the below mailing address:

   Alexis Felix-Razo
   Reg. No. 02874-408
   FMC Rochester
   PMB 4000
   Rochester, MN 55903

Dated: October 25, 2024

*s/Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Felix-Razo v. Rardin*,
Case No. 24-cv-2186 (DSD/TNL)

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).